UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALI ABBASOVICH HAMRAYEV,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al.,<br><br>Defendants. | CASE NO. 2:25-cv-02446-LK<br><br>ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT |

This matter comes before the Court on Plaintiff Ali Abbasovich Hamrayev's motion for leave to file a second amended complaint. Dkt. No. 38. For the reasons explained below, the Court grants the motion.

## I. BACKGROUND

On December 3, 2025, Hamrayev, proceeding pro se, filed a petition for a writ of mandamus against United States Citizenship and Immigration Services ("USCIS") and several government officials, seeking to "compel Defendants to perform their non-discretionary duty to adjudicate" his Form I-485. Dkt. No. 1 at 1. Defendants moved to dismiss. Dkt. No. 6. Hamrayev

later retained counsel, Dkt. Nos. 14–15, and the parties consented to Hamrayev filing an amended complaint and a motion for preliminary injunction. Dkt. No. 19. The Court granted the stipulated motion, Dkt. No. 21, and Hamrayev filed an amended complaint, Dkt. No. 20, and a motion for preliminary injunction, Dkt. No. 22. The Court denied Defendant's original motion to dismiss as moot, Dkt. No. 23, and Defendants moved to dismiss the amended complaint, Dkt. No. 24. On June 29, 2026, Hamrayev filed a motion for leave to file a second amended complaint pursuant to Rule 15(a)(2). Dkt. No. 38. Defendants did not oppose the motion.

## II. DISCUSSION

### A. Legal Standard

Rule 15(a)(2) directs district courts to "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). This is because "the underlying purpose of Rule 15" is "to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation modified).

A district court should deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment[.]" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citation modified). Evaluation of these factors "should be performed with all inferences in favor of granting the motion [to amend]." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). However, the amendment factors are not entitled to equal weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The Ninth Circuit has repeatedly emphasized that prejudice "carries the greatest weight"

and is "the touchstone of the inquiry under [R]ule 15(a)." *Id.* (citation modified); *accord Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Indeed, there is a presumption in favor of amendment absent prejudice or a "strong showing" under the remaining four factors. *Eminence Cap.*, 316 F.3d at 1052. The party opposing amendment bears the burden of showing that amendment is not warranted. *Hedglin v. Swift Transp. Co. of Ariz., LLC*, No. C16-5127-BHS, 2016 WL 8738685, at *1 (W.D. Wash. Nov. 15, 2016) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

**B. Leave to Amend is Granted**

Hamrayev contends that amendment is a "necessary update" to "reflect material post-pleading developments in law and fact: the *Dorcas* decision and judgment, USCIS's ensuing agency-wide compliance representations, USCIS's continued pursuit of a stay and appeal of that vacatur," and continued and growing delay in adjudicating his immigration forms. Dkt. No. 38 at 1 (referencing *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, No. 26-CV-132-JJM-PAS, 2026 WL 1622708 (D.R.I. June 5, 2026)). He asserts that because the "case remains at the pleading stage" and no "administrative record has been produced" or scheduling order entered, "amendment will allow the case to proceed on the current controversy and will not require the Court or the parties to revisit any merits ruling." *Id.* at 2.

The Court agrees. Most importantly, the party opposing amendment bears the burden of showing that amendment is not warranted, and here, Defendants did not file a response to Hamrayev's motion to amend his complaint. Under Local Civil Rule 7(b)(2), the Court deems the failure to respond "as an admission that the motion has merit." Furthermore, Hamrayev did not unduly delay in moving to amend his complaint. The *Dorcas* order was issued on June 5, 2026, and Hamrayev moved to amend less than a month later after initially seeking to include argument regarding *Dorcas* in a notice of supplemental authority and an untimely response to Defendants'

motion to dismiss, and then seeking reconsideration of the Court's order denying an extension of time to file an untimely response. Dkt. Nos. 29–31, 33–35.[1] Additionally, there is little evidence of any potential bad faith in the record, and Hamrayev has not repeatedly failed to amend his complaint such that amendment appears futile. Finally, Defendants have established no prejudice that would arise from allowing Hamrayev to amend his complaint.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Hamrayev's motion for leave to file a second amended complaint. Dkt. No. 38. Hamrayev shall file the second amended complaint attached to his motion, Dkt. No. 38-2, by August 31, 2026. *See* LCR 15(a) ("If a motion for leave to amend is granted, the party who was given leave to amend must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting leave to amend.").

Hamrayev's motion for preliminary injunction, Dkt. No. 22, and Defendants' motion to dismiss, Dkt. No. 24, are both DENIED without prejudice as moot.

Dated this 17th day of August, 2026.

Lauren King
United States District Judge

[1] Although these tactics do not necessarily reflect good faith, again, Defendants did not oppose Hamrayev's motion to amend his complaint.